UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br> Plaintiff, <br><br> v. <br><br> DANILO DUARTE, et al., <br> Defendants. | CIVIL ACTION <br> NO. 13-40130-DHH |

## ORDER

**December 1, 2014**

Hennessy, M.J.

This matter comes before the Court on Plaintiff J & J Sports Productions, Inc.'s ("J & J") motion to strike answers to the complaint and for entry of default. (Docket #32). No response has been filed, and the time for such filings has since passed. This matter is now ripe for adjudication. For the reasons that follow, the motion is ALLOWED.

I.   BACKGROUND

J & J filed suit against Defendants Danilo Duarte and Danana, Inc., doing business as La Raza, on November 12, 2013. (Docket #1). Pursuant to contract, J & J was granted the exclusive nationwide commercial distribution (closed-circuit) rights to <u>Tactical Warfare: Manny Pacquiao v. Antonio Margarito, WBC Lightweight Championship Fight Program</u> (the "Program"), telecast nationwide on November 13, 2010. (<u>Id.</u> at ¶ 10). J & J entered into subsequent sublicensing agreements with various commercial entities, including within Massachusetts, granting these entities the right to publicly exhibit the Program within their respective commercial establishments in the hospitality industry. (<u>Id.</u> at ¶ 11). J & J alleges that

Defendants unlawfully intercepted, received, published, divulged, displayed, and/or exhibited the Program at their commercial establishment, in violation of 47 U.S.C. §§ 605, et seq., and 27 U.S.C. §§ 553, et seq. (Id. at ¶¶ 13, 16). J & J also asserts the common law tort of conversion, (id. at ¶¶ 24-25), and a violation of Massachusetts General Laws Chapter 93A Sections 2 and 11, (id. at ¶¶ 26-33). Answers to the complaint were filed on February 11, 2014. (Dockets #7, 8).

A scheduling order was entered on February 28, 2014. Pursuant to the order, initial disclosures were due March 14, 2014, amended pleadings were due by May 1, 2014, discovery was to be completed by June 20, 2014, and dispositive motions were due by September 1, 2014. (Docket #14). The scheduling order also set a case management conference for June 20, 2014. (Id.).

J & J served Defendants with its requests for productions of documents and interrogatories on April 18, 2014. (Docket #34 at ¶ 5). On May 19, 2014, J & J served Defendants with requests for admissions. (Id.).

On June 12, 2014, the parties filed a stipulation and request to reschedule the case management conference due to a conflict with the trial schedule of Attorney Szumowski, J & J's counsel. (Docket #15). The Court granted the motion to continue and rescheduled the case management conference for June 30, 2014. (Docket #16). On June 20, 2014, J & J filed an emergency motion seeking to reschedule the case management conference due to the unavailability of Attorney Szumowski and Attorney Ramsey, Defendant's counsel. (Docket #17). The Court granted the motion (docket #19), and, on July 21, 2014, re-scheduled the case management conference for September 4, 2014 (docket #20). Attorney Ramsey reported a conflict to the Court's Clerk prior to the September 4, 2014 case management conference. (Docket #21).

On September 8, 2014, J & J moved for an order rescheduling the case management conference for 10 a.m. on September 10, 2014, and an award of costs for making the motion. (Id.). In the affidavit accompanying the motion, Attorney Szumowski stated that counsel for the parties conferred by telephone on August 29, 2014 in anticipation of the case management conference on September 4, 2014. (Docket #22 at ¶ 3). During this conference, Attorney Szumowski stated her willingness to report to the Court that, in light of Attorney Ramsey's previous unavailability, a September 18, 2014 deadline for outstanding discovery responses would be agreeable. (Id.). She further related that, on September 4, 2014, she learned from the Court's Clerk that Attorney Ramsey had reported to the Court that he had a conflict with appearing for the case management conference on that date. (Id. at ¶ 4). That same day, Attorney Ramsey telephoned Attorney Szumowski's office to discuss dates and times that were available on the Court's calendar that week. (Id. at ¶ 5). Attorney Ramsey acknowledged that he was to immediately file a motion regarding the rescheduling of the case management conference. (Id.). Attorney Szumowski called Attorney Ramsey on September 5, 2014 and September 8, 2014 to check on the status on the motion but never received a call in return. (Id. at ¶ 6).

The Court granted the motion in part but deferred ruling on the motion as it related to costs. (Docket #23). The case management conference and a hearing on the motion for costs were scheduled for September 10, 2014 at 10:00 a.m. (Docket #24).

On September 10, 2014, after waiting for twenty-three minutes for Attorney Ramsey to appear and after the Courtroom Deputy unsuccessfully attempted to contact him twice by cell phone, the Court called the case. (Docket #25). The Court thereafter issued an order scheduling a further case management conference for September 12, 2014 at 10:30 a.m. which explicitly stated, "Attorney Ramsey is ORDERED to appear in person, and, if he fails to appear, he will

face the possibility of sanctions." (Docket #26). The Courtroom Deputy emailed a copy of the order to Attorney Ramsey that day, left him a voicemail, and sent the order to him via mail.

On September 12, 2014, after waiting for seventeen minutes for Attorney Ramsey, the case was called. Attorney Szumowski notified the Court that none of her formal discovery requests had been responded to. She stated that the J & J was amenable to an extension for outstanding discovery requests until September 18, 2014. The next day, the Court entered an order requiring Defendants to respond to all pending discovery requests and fulfill all discovery obligations by September 19, 2014. (Docket #27). The Court also ordered that dispositive motions were to be filed by November 3, 2014, with any responses due November 24, 2014. (Id.) On September 17, 2014, the Court granted the motion for costs. (Docket #31).

Attorney Szumowski represents that she conferred by telephone with Attorney Ramsey on October 29, 2014 about the outstanding Court orders and J & J's intention to file a dispositive motion. (Docket #34 at ¶ 18). Attorney Szumowski was led to believe that Defendants would comply with the Court's orders by October 31, 2014. (Id.).

On November 3, 2014, J & J filed the present motion. (Docket #32). J & J represents that, as of the date of the motion, Defendants have produced no discovery, served no initial disclosures, and failed to pay the $1,904.08 costs and fees awarded by this Court in its September 17, 2014 order. (Docket #34 at ¶¶ 16-17).

II. ANALYSIS

"[A] party who flouts a court order does so at its own peril." Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 37 (1st Cir. 2012). "[C]ourts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs. The authority to order sanctions in appropriate cases is a necessary component of that

4

capability." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) (internal quotations omitted). Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), if a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders, that may include the following:

    (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)    striking pleadings in whole or in part;

    (iv)    staying further proceedings until the order is obeyed;

    (v)    dismissing the action or proceeding in whole or in part;

    (vi)    rendering a default judgment against the disobedient party; or

    (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

J & J asks this Court to strike the answers of Defendants and enter a default as a sanction for failure to obey the Court's orders. "Default is strong medicine and should be prescribed only in egregious cases." Hooper-Haas, 690 F.3d at 37-38 (internal citations omitted). "Be that as it may, default may be a condign sanction when a court is confronted with a persistently noncompliant litigant. In an appropriate case, the availability of this sanction may well 'play a constructive role in maintaining the orderly and efficient administration of justice.'" Id. at 38 (quoting Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009)). The appropriateness of default as a sanction must be evaluated on a case by case basis. Id.; Young, 330 F.3d at 81.

    Relevant factors include, but are not limited to, the nature of the misconduct, its repetition (or lack thereof), its degree of deliberateness, the extent to which the

> offender had fair warning of the possible consequences of misconduct, the availability vel non of an opportunity to offer an explanation or to plead for leniency, the legitimacy of any proffered excuse, any other aggravating or mitigating circumstances, the presence or absence of prejudice to the other party, the degree of interference with the functioning of the court, and the adequacy of lesser sanctions.

Hooper-Haas, 690 F.3d at 38.

Weighing these factors, the Court finds that striking the Defendants' answers to the complaint and entering a default judgment is an appropriate sanction in this case. Pursuant to the scheduling order, Defendants were to serve their initial disclosures on March 14, 2014 and complete all discovery by June 20, 2014. (Docket #14). The deadline for discovery was later extended to September 19, 2014. (Docket #27). However, Defendants have yet to produce any discovery or serve initial disclosures. Attorney Ramsey also failed, without notice, to appear at a case management conference. (Docket #25). The Court rescheduled the conference, explicitly stating, "Attorney Ramsey is ORDERED to appear in person, and, if he fails to appear, he will face the possibility of sanctions." (Docket #26). Attorney Ramsey did not appear at the rescheduled case management conference, nor did he give notice that he would not attend. Defendants have also failed to pay the $1,904.08 costs and fees awarded by this Court in its September 17, 2014 order. No excuses for any of this conduct have been provided. Defendants' repetitive misconduct has interfered with the orderly and efficient administration of justice in this case. The Court has given ample warning that sanctions may result from such misconduct and has previously imposed lesser sanctions in an effort to obtain Defendants' compliance with Court orders, to no avail. Given this history of non-compliance and disobedience, and its detrimental effect on the administration of justice in this case, lesser sanctions are inadequate.

III.     CONCLUSION

For the foregoing reasons, the motion to strike answers to the complaint and for entry of default (Docket #32) is hereby ALLOWED.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE